# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0697
Lower Tribunal No. 22-33195-SP-26
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Quality Mold Finders Corp., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lissette De La Rosa, Judge.

Traub Lieberman Straus & Shrewsberry LLP and Joye B. Walford and David T. Burr and C. Ryan Jones (St. Petersburg), for appellant.

Legal Armor, The People's Law Firm, Inc., and Alian M. Perez, for appellee.

Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

Citizens Property Insurance Corporation appeals a final judgment awarding attorney's fees and costs under section 57.105(1), Florida Statutes

(2025), to Quality Mold Finders Corporation in the stipulated amount of $12,025.00. We are compelled to reverse, as the trial court failed to make the specific findings necessary to support an award of attorney's fees under section 57.105(1). Particularly, the trial court failed to render findings that Citizens' affirmative defense "when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts." § 57.105(1), Fla. Stat. (2025). See Lanson v. Reid, 314 So. 3d 385, 387 (Fla. 3d DCA 2020) ("An award of fees under section 57.105 requires a determination by the court that 'the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.' To award attorney's fees under this statute, the court must make specific findings of bad faith, and should recite the facts on which it bases its conclusions in the order awarding such fees." (footnote omitted) (quoting Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015))).

Reversed and remanded.